**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
3801 BEACH CHANNEL, INC., et al.,

                      Plaintiffs,

        - against -

YAKOV SHVARTZMAN, et al.,

                      Defendants.
----------------------------------------------------------X

**ORDER**

CV 05-0207 (CBA) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      On January 13, 2005, plaintiffs 3801 Beach Channel, Inc. ("Beach Channel" and Yevgeniy Yezerskiy ("Yezerskiy") commenced this action, alleging several causes of action including, among others, fraud and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c). DE 1. The parties commenced discovery following the initial conference before another magistrate judge on May 23, 2005. DE 7.

      On August 8, 2006, after the case had been reassigned to me for purposes of overseeing pretrial matters, I received a letter reporting that the plaintiffs' counsel, Marvin E. Kramer, had died some two weeks earlier and that his law firm was dissolved. DE 26. Upon receiving that report, I issued an order directing all parties to appear at a status conference to discuss the effect of Mr. Kramer's death on the case, and noting that Beach Channel could not participate in the litigation of this case without counsel to represent it. *See* DE 27; DE 33.

      Before the scheduled date of the conference, Yezerskiy filed a handwritten letter detailing his difficulty in obtaining new counsel. DE 30. I adjourned the conference to accommodate him in this respect, but the problem continued. *See* DE 34; DE 35. As became clear in his more recent letters, Yezerskiy's problem in securing new counsel for himself and his company

stemmed in part from the fact that he did not have access to the file that his late counsel had maintained on the case. It turned out that the file was in the possession of attorney Stephan B. Gleich, who is representing Mr. Kramer's estate and who has withheld it as a retaining lien. *Id. See* DE 35 at 3.

At the status conference on October 5, 2005, the situation remained unchanged. I therefore asked for and received the permission of all parties to contact Mr. Gleich to discuss the situation. Based upon my conversation with Mr. Gleich, I conclude that the estate is entitled to a charging lien against any recovery Yezerskiy may secure as a result of this litigation, but not to a retaining lien.

New York Judiciary Law § 475 provides that:

> From the commencement of an action ... the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, *and the proceeds thereof* in whatever hands they may come .... The court upon the petition of the client or attorney may determine and enforce the lien.

N.Y. Jud. Law § 475 (McKinney 2006). In the absence of any specific federal law that would alter the parties' respective rights under the circumstances of this case, the provision quoted above is controlling here. *See Rivkin v. A.J. Hollander & Co., Inc.*, 1996 WL 633217, at *2 (S.D.N.Y. Nov. 1, 1996).

Accordingly, I grant Mr. Kramer's estate a charging lien against any future settlement or judgment the plaintiffs may recover, in an amount to be determined at the conclusion of this case;

and, on the basis of that lien, I order the estate to release to Yezerskiy attorney Kramer's litigation file for this case.

**SO ORDERED.**

Dated: Brooklyn, New York
October 6, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge
