**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
3801 BEACH CHANNEL, INC., et al.,

                              Plaintiffs,

                - against -

YAKOV SHVARTZMAN, et al.,

                              Defendants.
-----------------------------------------------------------X

**ORDER**

CV 05-0207 (CBA) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiffs Yevgeniy Yezerskiy and 3801 Beach Channel, Inc. move for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure, against defendants Yakov Shvartzman, Beach Channel Services, Inc., Alexander Iorsh, Alexander Herman, and their attorney. Docket Entry ("DE") 59. Although the plaintiffs fail to request a specific form of relief, I interpret their motion as requesting the reasonable expenses associated with the plaintiffs' protracted efforts to compel the defendants' compliance with my repeated orders regarding discovery. *Id.* at 3 ("Plaintiffs were [forced] to incur significant legal fees in their attempts to procure compliance [with discovery requests and court orders] by the Defendants."). For the reasons set out below, I grant the plaintiffs' motion, and direct the defendants to produce all outstanding discovery no later than March 28, 2007.

I.    <u>Background</u>

       The plaintiffs commenced this litigation on January 13, 2005. DE 1. On September 7, 2005, the plaintiffs' former attorney, Marvin Kramer ("Kramer") filed a letter requesting the court's assistance in compelling discovery. DE 8. At a telephone conference on September 12, 2005, the Honorable Joan Azrack, United States Magistrate Judge (to whom the case was then

referred), directed the defendants to provide all outstanding discovery documents by September 23, 2005, and warned that failure to comply would result in a recommendation of default. DE 9. On September 26, 2005, Kramer filed another letter, again complaining that the defendants still had not produced the requested discovery documents at issue. DE 10. Judge Azrack held another status conference on October 12, 2005. DE 12. Although the minute entry for that conference lists Kramer as present, subsequent docket entries indicate that he did not attend, and that in his absence, the defendants provided the court with a package, representing that it contained the remaining discovery documents at issue. *Id*. (minute entry listing Kramer as present and noting that "Def. produced docs that will be held by court"); DE 13 (letter from Kramer apologizing for missing the conference and noting receipt of documents). On September 14, 2005, Kramer picked up the package, and on September 17, 2005, filed a letter asserting that the documents that had been produced were inadequate and incomplete as responses to his discovery requests. DE 13. On November 9, 2005, Kramer requested sanctions against the defendants for their failure to comply with discovery. DE 15.

After the case was referred to me, I held a status conference on November 7, 2006, and subsequently entered a case management and scheduling order requiring the submission of all motions to compel discovery by November 22, 2006 and contemplating the completion of all discovery by February 15, 2007. DE 44.[1] On November 20, 2006, the plaintiffs filed a motion to compel outstanding discovery documents, DE 45, and I directed the defendants to file a response by November 27, 2006. Order dated November 22, 2006. Approximately a month later, at a

---

[1] In the interim, the parties had briefed a motion for dismissal, which remains pending. In addition, Kramer had died and was later replaced by the plaintiffs' current counsel.

status conference on December 20, 2006, the defendants had still failed to file a response, but I nonetheless gave them until 5:00 p.m. on December 21, 2006, to file a response to the plaintiffs' motion to compel. DE 50. The next day, the defendants docketed what purported to be a letter "in response to plaintiffs' motion to compell [sic] discovery." DE 51. In fact, the document associated with that docket entry was correspondence between the parties and not a response to the plaintiffs' motion to compel. I therefore entered an order granting the plaintiffs' motion in its entirety and directed the defendants to provide all requested discovery by January 5, 2007. Order dated December 22, 2006. In that order, I specifically warned the defendants that "I will entertain an application for discovery sanctions pursuant to Rule 37 if the defendants fail to comply." *Id.*

On January 5, 2007, the parties appeared before me for oral argument on the defendants' motion to dismiss – which had been referred to me for a report and recommendation by the assigned District Judge – at which point I learned that the defendants had once again failed to produce the discovery documents that were the subject of my previous order. DE 52. In the interests of facilitating discovery and avoiding a protracted battle over the propriety of sanctioning the defendants or their attorney, I provided the defendants an additional three days – until January 8, 2007 – to comply with my previous orders, and directed the plaintiffs' counsel to file a letter on January 9, 2007, reporting on the status of the defendants' compliance. *Id.*

On January 9, 2007, the plaintiffs filed a letter reporting that the defendants had not produced the outstanding discovery and requesting that I hold the defendants in contempt and impose sanctions under Rule 37. DE 56. Notwithstanding my previous order granting the plaintiffs' motion to compel discovery in its entirety, the defendants proceeded to file a letter later

3

that same day purporting to request a "ruling" on certain of the plaintiffs' discovery demands. DE 57. In their letter, the defendants claim that a number of the plaintiffs' document and interrogatory requests were protected by the attorney-client privilege (defendants' 2003 bank statements and answers to certain interrogatories), that other documents requested were "irrelevant to the issues at hand," that the plaintiffs are "not entitled" to other documents (tax returns), and finally, that "[i]t is our belief that the Defendants do not have to comply" with other demands (sales tax and payroll information from late 2003 to 2005). *Id.* Subsequently, on February 2, 2007, the plaintiffs filed the motion for sanctions that is the subject of this order, DE 59, and on February 7, 2007, the defendants filed a response in opposition. DE 60.

II.  Discussion

    A.  Bases For Sanctions

Federal Rule of Civil Procedure 37, entitled, "Failure to Make Disclosures or Cooperate in Discovery; Sanctions," provides procedures for compelling disclosures mandated by Rule 26(a) and responses to discovery. Rule 37(b), upon which the plaintiffs' sanctions motion is predicated, provides for the imposition of sanctions "[i]f a party ... fails to obey an order to provide or permit discovery." In addition, pursuant to Rule 37(c)(1), if "[a] party ... without substantial justification fails to disclose information required by Rule 26(a)" the court may impose sanctions, including but not limited to "any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)." Those sanctions include, among others:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action[;]

4

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; [and]
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

Fed. R. Civ. P. 37(b)(2)(A)-(C). Rule 37(b) further provides that in lieu of, or in addition to, any of the foregoing orders:

> the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b).

    B.    <u>Exercise of Discretion To Impose Sanctions</u>

A district court has broad discretion to impose sanctions for failure to comply with its orders pursuant to Rule 37(b). *See Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002); *Burgie v. Euro Brokers, Inc.*, 2006 WL 845400, at *12 (E.D.N.Y. Mar. 30, 2006). Among the factors relevant to a court's exercise of its discretion to impose sanctions are: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance, and (4) whether the non-compliant party has been warned of the consequences non-compliance. *See Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995). No particular factor is dispositive, and "sanctions must be weighed in light of the full record in the case." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

5

1. <u>Willfulness Or Reasons For Non-Compliance</u>

Non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them and when the party's noncompliance is not due to factors beyond the party's control." *Burgie*, 2006 WL 845400, at \*12 (quoting *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997)). In the instant case, the defendants make no claim that my orders were unclear or that they did not understand my orders. Indeed, the defendants' response – which contains all of 6 sentences – can barely be construed as opposing the plaintiffs' request for sanctions. DE 60. Instead of addressing the plaintiffs' laundry list of accusations regarding the alleged failure to comply with court orders to produce discovery, the defendants baldly assert that they responded to the plaintiffs' discovery requests "on December 9, 2006 [sic]." Without providing any further evidence of such compliance, the defendants go on to state that "on December 9, 2006 [sic]," they requested a ruling on the "appropriateness of several of [the plaintiffs'] demands for documents." *Id.* As there are no docket entries for December 9, 2006, I assume that the defendants are not willfully misrepresenting the facts, but that they intend to refer to their letter of January 9, 2007, entitled "Letter requesting ruling on Plaintiffs [sic] discovery demands." DE 57. I interpret the defendants' claim to have produced discovery on December 9, 2006 as a similar mistake, since the status conference before me on January 5, 2007 makes clear the fact that defendants had not at that date responded to the plaintiffs' outstanding document demands in conformance with my previous order. DE 52. Regardless of any potential alternative explanations for the mistaken date reference, the defendants have made no claim that the deadlines they missed and the court orders they continue to disregard were in any way unclear.

2.  Efficacy Of Lesser Sanctions

I next consider the efficacy of lesser sanctions than the award of expenses sought by the plaintiffs. In doing so, I am mindful that any sanction issued under Rule 37(b)(2) must be "just" and "must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) (citations omitted). As the docket amply illustrates, the defendants were subject to an unequivocal court order requiring the production of long-overdue discovery documents. *See* Order dated December 22, 2006 (granting the plaintiffs' motion to compel discovery in its entirety and ordering the defendants to provide "all of the discovery requested in the [plaintiffs'] motion" by January 5, 2007). That order itself was necessitated only by the defendants' refusal to comply voluntarily with proper party-initiated discovery and their subsequent refusal to respond to the plaintiffs' motion to compel. *See* Order dated November 22, 2006 (directing the defendants to respond to the plaintiffs' motion by November 27, 2006); DE 50 (noting the lack of a response and extending the time respond to December 21, 2006). The defendants' repeated failure to comply with court-imposed deadlines for responding to motions and their steadfast refusal to produce documents subject to an explicit court order evinces a willful frustration of the plaintiffs' efforts to obtain discovery and a continuing disregard for the authority of this court. I therefore find that an order requiring the defendants and their attorney to pay the reasonable expenses associated with the plaintiffs' extensive efforts to compel discover is just, and that no lesser sanctions that will suffice.

3.  Duration Of Non-Compliance

My order of December 22, 2006, required the defendants to produce all outstanding discovery requested in the plaintiffs' original motion to compel no later than January 4, 2007.

That deadline was subsequently extended to January 8, 2007. DE 52. It is now March 21, 2007, and it appears that the defendants are still out of compliance with my order. *See* DE 57. From January 4, 2007 to March 21, 2007 is not a particularly long period of non-compliance, and this factor therefore weighs against the entry of sanctions against the defendants.

### 4. Knowledge Of The Consequences Of Non-Compliance

The Second Circuit has noted that "[a]lthough formal warnings often precede the imposition of serious sanctions, this court has never considered warnings an absolute precedent." *Daval Steel Prods.*, 951 F.2d at 1366. The Court further noted "[w]e decline to hobble the necessary discretion of district courts to control discovery by imposing a further requirement of formal and specific warnings before imposing Rule 37(b)(2) sanctions, bearing in mind that ... such sanctions can only be imposed for violation of a specific, previously entered court order. Parties and counsel have no absolute entitlement to be 'warned' that they disobey court orders at their peril. *Id.* In the instant case, I warned the defendants twice that if they failed to comply with my order to produce the discovery requested in the plaintiffs' motion to compel, I would consider an application for the very sanctions I now order. Order dated December 22, 2007, DE 52.

### C. Purposes Of Rule 37 Sanctions

Having found that the imposition of a sanction is within my discretion, I turn to a discussion of whether a monetary sanction will effectuate the three purposes of Rule 37; namely, obtaining compliance with the Court's orders; ensuring that the disobedient party does not benefit from non-compliance; and providing a general deterrent in the particular case and litigation in general. *See Nat'l Hockey League*, 427 U.S. at 643.

With regard to the efficacy of monetary sanctions in obtaining compliance with my orders, I note that my previous orders have given the defendants ample opportunity to respond to the plaintiffs' motion to compel discovery. Order dated November 22, 2006; DE 50. Even after granting the plaintiffs' motion to compel discovery as unopposed, I disregarded the defendants' failure to abide by the deadline I had set and extended their time for compliance. DE 52 (providing the defendants an extra three days to produce discovery). The defendants' current claim that they have produced the discovery at issue is flatly contradicted by their letter of January 9, 2007, which states that they are "awaiting" a ruling on the propriety of certain of the plaintiffs' discovery requests – a ruling they requested almost three weeks after I had specifically ordered the production of those very documents. DE 60. The defendants cannot have it both ways. They cannot both have complied with all discovery demands and yet still be holding back requested documents in anticipation of my ruling on whether they are properly subject to disclosure.

Even if the defendants have belatedly complied with my previous order – an assertion that is in no way proved by their response to the instant motion for sanctions – the eventual compliance with multiple court orders after repeated failures to do so does not negate the basis for a sanctions award. *See Nat'l Hockey League*, 427 U.S. at 642; *Cine Forty-Second St. Theater Corp.*, 602 F.2d at 1068; *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 347 (D. Conn. 1981). As noted above, I explicitly warned the plaintiffs that noncompliance could result in dismissal of the case. Order dated December 22, 2007 ("The defendants shall provide all of the discovery requested in the motion no later than January 5, 2007. *I will entertain an application for discovery sanctions pursuant to Rule 37 if the defendants fail to comply*.") (emphasis added);

9

DE 52 ("over the plaintiff's objection, I granted the defendants an additional three days to comply with my order of December 22 .... *I will entertain an application for discovery sanctions pursuant to Rule 37 if the defendants fail to comply*.") (emphasis added). Viewed as a whole, the record adequately demonstrates the need for sanctions to assure future compliance with Court orders in this matter.

In considering the second purpose of a Rule 37 sanction – ensuring that the disobedient party does not benefit from non-compliance – I note that there is no evidence that the defendants have explicitly benefitted from their failure to comply with the discovery process. The progress of this case, however, has been significantly thwarted by the defendants' noncompliance and the resulting sanctions litigation. Consequently, the plaintiffs' ability to prosecute this action has been hampered by the delays. The plaintiffs claim that they have been forced to incur "significant legal fees in their attempts to procure compliance by the Defendants and their counsel," and that "[a]s Plaintiffs have no assets to draw upon to continue paying legal fees, the limited retainer received is now almost exhausted as these fees were depleted by [the] Defendants' willful disobedience." DE 59 at 3. The defendants' repeated failures to comply with the discovery process and my orders has resulted in significant prejudice to the plaintiffs, and therefore sanctions are warranted.

Finally, considering the third purpose of sanctions under Rule 37, I note that even in the face of the plaintiffs' motion to compel discovery and my order granting that motion, the defendants and their attorney repeatedly disregarded court-ordered deadlines without seeking extensions, submitting only a six-sentence response in opposition to the instant motion for

sanctions. I find an award of monetary sanctions is likely to deter similar future conduct in this case.

D. An Award Of Attorneys' Fees Is Warranted

To summarize, the defendants have willfully failed to comply with a court order, and lesser sanctions will not be effective. The duration of the defendants' failure to comply with the order has been relatively short, however, the defendants have been repeatedly warned of the consequences of their failure to comply with the order. In addition, an award of sanctions will serve to effectuate the purpose of Rule 37 by facilitating compliance with future court orders, ensuring that the defendants do not benefit from their non-compliance, and providing a general deterrent to future non-compliance with court orders.

E. The Possibility Of More Severe Sanctions

To the extent that the plaintiffs' request for relief might be read to seek more severe sanctions, I deny it – for now. I caution the defendants, however, that if they do not comply in full with this last and final attempt to secure compliance with their discovery obligations, I will conclude that they are willfully defying a court order, that they have no interest in resolving this case fairly on the merits. In that event, the only sufficient sanction – which I will recommend – will be to strike the defendants' answer and enter a default judgment against them.

III. Conclusion

For the foregoing reasons, I grant the plaintiffs' motion for sanctions against the defendants, and direct the defendants to produce, no later than March 28, 2007, all outstanding discovery in conformance with my order of December 22, 2006. No later than March 28, 2007, the plaintiffs' counsel will serve on the defendants' counsel an affidavit, supported by appropriate

exhibits, setting forth the costs of the plaintiffs' efforts to date to secure compliance with my order of December 22, 2006. No later than April 4, 2007, the defendants' counsel will file a letter that either certifies that the defendants have reimbursed all such costs or that explains in detail the defendants' specific objections to the amount of reimbursement so requested.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 21, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge
