

**LAW OFFICES OF**
# PERGOLIZZI & ASSOCIATES, LLP.
**911 AVENUE U**
**BROOKLYN, N.Y. 11223**
**(718) 627-1215**
**TELECOPIER (718) 627-1082**

| | |
|---|---|
| STEPHEN R. PERGOLIZZI<br>MEMBER N.Y. & N.J. BAR &<br>U.S. DISTRICT COURTS | OF COUNSEL<br>JAMES J. PERGOLIZZI, JR.<br>THOMAS J. STOCK<br>VICTOR A. CARR |

April 4, 2007

Honorable Judge James Orenstein
United States District Court Eastern District
225 Cadman Plaza
Brooklyn, NY 11201

    Re:    3801 Beach Channel, Inc. et al. v. Yakov Shvartzman, Herman and Iorsh
            Case No.: CV 05 207

Dear Honorable Justice Orenstin,

    This letter is filed pursuant to the Court Order dated March 21, 2007, that required Defendants' counsel to either certify that the defendants have reimbursed the cost and expenses incurred, or explain in detail the defendants' specific objections to the amount of reimbursement requested.
    Please be advised that there was no reimbursement of the amount of fees requested and the following is being submitted as defendant's objection to such fee reimbursement request.

1. Plaintiffs' counsel requests reimbursement of approximately $10,000 for allegedly spending 26.75 hours of his time and further reduced to 26 hours providing a discount of 0.75 hours since December 22, 2006. See paragraph 8 of his affidavit.
2. The Court should note that nowhere in the affidavit plaintiffs' counsel makes a mention of the year of admission to the bar, years of experience, affiliation or memberships in various organizations, if any, and customary fees charged. Submission of a retainer agreement has no bearing as to the qualification of the counsel and/or entitlement of legal fees reimbursement as requested.
3. Review of the "Billing Summary" of plaintiffs' counsel post-December 22, 2006 (as directed by the March 21, 2007 Order) indicates the following:

    a) 12/22/06 - 3.25 hours of legal research on discovery and compliance, charge is greatly exaggerated;

    b) 1/4/07 - 3.00 hours of preparation for a hearing on <u>defendants' motion to dismiss (</u> emphasis added) has no bearing on " discovery and compliance";

c) 1/5/07 - 3.00 hours court appearance. Plaintiffs' counsel charge is greatly exaggerated in that such hearing lasted no more then 30 minutes;

d) 1/8/07 - 2.50 hours of review of discovery responses. Plaintiffs' counsel charge is greatly exaggerated;

e) 1/9/07 - 1.0 hour review of my letter. Plaintiffs' counsel charge is greatly exaggerated;

f) 1/23/07, 2/07/07, 3/14/07 - telephone conferences with Plaintiff lasting 0.70, 0.40 and 0.55 respectively. Time spent is greatly exaggerated.

The impropriety of the highlighted entries as to the time spent also bears a direct relationship as to the services rendered and time spent on the issues of "discovery".

It is respectfully submitted that plaintiffs' counsel submit actual time sheets and file notes and a hearing be scheduled for a determination of an award of counsel fees, if any.

Defendants have substantially produced all discovery demanded by Plaintiff and have responded to Plaintiffs' Demand for Interrogatories and Demand for Production of Documents.

However, Defendants have not provided six (6) items demanded by Plaintiffs. Previously Defendant requested this Court to rule on the propriety of the Plaintiffs' request.

This 6 items requested to be ruled on were:

1. Attorney client privilege asserted in Defendants' Response to Interrogatories numbers (28), (29), (30) and (31).

2. Attorney work product privilege asserted in Defendants' Response to the Demand for a Production of Documents number (1a).

3. Bank account statements and canceled checks <u>to date</u> for Beach Channel Services Inc., as asserted in Defendants' Response to the Demand for a Production of Documents number (3).

4. Bank account statement and canceled checks for <u>any affiliate</u> related to Beach Channel Services Inc. <u>to date</u>, as asserted in Defendants' Response to the Demand for a Production of Documents number (4)

5. Sales Tax returns for period subsequent to this transaction, as asserted in Defendants' Response to the Demand for a Production of Documents number (8)

6. Payroll tax for period subsequent to this transaction, as asserted in Defendants' Response

to the Demand for a Production of Documents number (9).

Defendants are awaiting a ruling on the demands as requested in my letter dated January 9, 2007, requesting a protective order from this Court.

Plaintiffs' attorney have not presently requested any EBT's of the defendants.

Notwithstanding the foregoing, the plaintiffs cannot show they have been prejudiced in their prosecution of this case in the absence of these materials.

Although this Court order to produce all discovery requested is admittedly clear, it is also clear that defendants subsequent to Your Honor's Order requested a protective order for the items enumerated above. No such order has been received by the defendants.

If, in fact, my request for such protective order was not in a proper form, or was not clear to this Court, I request this Court reconsider defendants's request for a Protective Order at this time.
At no time did Defendants willfully and knowingly proceeded to defy this Court order.

Only Mr. Shvartsman has access to the sales tax returns and payable tax returns, bank statements and canceled checks as noted above.

Numerous attempts were made to contact him regarding the production of these documents, notwithstanding my request for a protective order.

He was contacted on or about March 22, 2007, to come to my office to meet with myself and Mr. Herman.

I did not speak to Mr. Shvartsman personally, He informed my office that he could not keep any appointments due to his traveling out of the country until April 5, 2007.

It appears that plaintiffs are seizing this opportunity to attempt to extract monies from the defendants the Plaintiffs would not otherwise obtain, should Defendants' motion to dismiss the complaint be grated in favor of the defendants. In addition to the clarification and/or renewal of the request for protective order, a request is hereby made for a decision on the Defendants' motion to dismiss that was fully submitted on March 30, 2006, and re-submitted to this Court on December 19, 2006, and argued on January 5, 2007.

Respectfully yours,

Stephen R. Pergolizzi, Esq. (SRP 1914)

SRP/ag