UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
3801 BEACH CHANNEL, INC.,

                Plaintiff,

    -against-

YAKOV SHVARTZMAN, et al.,

                Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

05-CV-0207 (CBA) (JO)

AMON, UNITED STATES DISTRICT JUDGE:

      Before the Court are two distinct motions. First, defendants' Yakov Shvartzman, Beach Channel Services, Inc., Alexander Iorsh, and Alexander Herman ("defendants") brought a motion to dismiss the plaintiffs' first cause of action (which provides the sole basis for federal jurisdiction) pursuant to Fed. R. Civ. P. 9(b). Second, plaintiffs 3801 Beach Channel, Inc. and Yevgeniy Yezerskiy ("plaintiffs") have moved for an order striking the defendants' answer as a sanction for their repeated discovery violations. I referred the former motion to Magistrate Judge James Orenstein, and the latter was addressed directly to him. On August 24, 2007, he issued a report and recommendation ("R&R") that addresses both motions.

I.    Discussion

      First, the R&R recommends that plaintiffs' motion for discovery sanctions be granted, and therefore that defendant's answer to the complaint be stricken and a default judgment be entered against them. Second, it recommends that the defendants' motion to dismiss the first cause of action for failure to plead with particularity in accord with rule 9(b) should be denied. Third, it recommends that the plaintiffs' first cause of action be dismissed *sua sponte* for failure to adequately plead the elements of a RICO claim. Fourth, it recommends that the Court retain

jurisdiction over the remaining state law claims and refer the matter to Magistrate Judge Orenstein for a damages inquest. Pursuant to Fed. R. Civ. P. 72(b) and 6(a), the parties had until September 10 to file written objections to the R&R or gain an extension of time within which to object.

By letter dated September 5, 2007, the defendants wrote to the Court stating only that they objected to "that portion of the report that recommends striking the [d]efendants' Answer and referring the state claims for inquest on damages." Rather than elaborate on this objection in the letter, defendants requested until September 24, 2007 to file "more formal objections." In light of defendants' failure to provide any viable reason for this request,[1] coupled with their dilatory conduct throughout the course of this litigation, the Court denied the requested extension. Nothing further was filed. The defendants have provided no factual or legal argument in support of their objections.

Plaintiffs have not filed objections to Magistrate Judge Orenstein's R&R, which recommends that the Court dismiss plaintiffs' RICO claim for failure to state a claim on which relief can be granted. Since this ground was not advanced by the defendants, the Magistrate Judge recommended that plaintiff's RICO claim be dismissed *sua sponte*. "'The district court has the power to dismiss a complaint *sua sponte* for failure to state a claim.'" Wachtler v. County of Herkimer, 35 F.3d 77, 82 (2d Cir.1994) (quoting Leonhard v. United States, 633 F.2d 599, 609 n.1 (2d Cir 1980)). However, the plaintiffs must be given "notice and 'an opportunity to be heard.'" Id. (quoting Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991)); see also Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1998). In this case, the plaintiffs were put on notice of the

---

[1] The only basis for the extension was the "intervening Labor Day holiday weekend." Since this period is not counted as part of the ten-day period mandated by the rules, it provides no grounds for an extension.

possibility that their claim would be dismissed for failure to plead a RICO violation by Magistrate Judge Orenstein's R&R. They were afforded an opportunity to be heard, as they were permitted to file formal written objections under the Federal Rules of Civil Procedure, which this Court would have been required to consider *de novo*. They choose not to file timely objections. Therefore, the Court dismisses plaintiffs' first cause of action as inadequately pleaded for the defects discussed in Magistrate Judge Orenstein's R&R.

II.     Conclusion

For the well-stated reasons in Magistrate Judge Orenstein's Report and Recommendation, the Court adopts the R&R as the opinion of the Court. Defendants' answer is hereby stricken, and plaintiffs' first cause of action is hereby dismissed. A default judgment shall be entered with respect to plaintiffs' state law claims, and this matter is referred to Magistrate Judge Orenstein for a damages inquest.

SO ORDERED.

Dated:      Brooklyn, New York
            September 28, 2007

Carol Bagley Amon
United States District Judge