UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
3801 BEACH CHANNEL INC., et al.,

                Plaintiffs,

    - against -

YAKOV SHVARTZMAN, et al.,

                Defendants.
-----------------------------------------------------------X

**ORDER**

CV 05-0207 (CBA) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      On October 12, 2007, I scheduled an inquest as to damages on the remaining state law claims in this case for November 14-15, 2007. Docket Entry ("DE") 70. On October 26, 2007, attorney Stephen Pergolizzi ("Pergolizzi"), counsel for all defendants, filed two documents. First, in a letter addressed to the Honorable Carol B. Amon, United States District Judge (and incorrectly styled as a motion on the docket), counsel requested a pre-motion conference in anticipation of seeking leave to withdraw as counsel. DE 71. In conjunction with seeking such relief, and apparently assuming leave to withdraw would be granted and that new counsel would be granted a delay to become familiar with the case, Pergolizzi also requested adjournments of the deadline I had set for filing motions in limine and of the inquest itself. *Id*. Second, minutes after filing his request for a pre-motion conference, Pergolizzi filed a notice of appeal of Judge Amon's order of September 28, 2007 (DE 69), which, on the basis of my Report and Recommendation dated August 24, 2007 (DE 67) (the "R&R"), struck the defendants' Answer, dismissed the plaintiffs' RICO cause of action, and referred to me for a damages inquest (in anticipation of the entry of a default judgment) the remaining state law claims. DE 72.

      The notice of appeal vests jurisdiction over this case in the United States Court of Appeals for the Second Circuit, and divests this court of "its control over those aspects of the

case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004). Accordingly, despite the fact that the appeal appears to be frivolous and subject to immediate dismissal for multiple reasons,[1] until the appeal is resolved I lack the authority to conduct the inquest or to rule on motions *in limine* affecting the evidence to be adduced at that proceeding.

I therefore adjourn each deadline without date. Once the appeal is resolved and jurisdiction restored to this court, I will require motions *in limine* to be submitted within two days (the amount of time remaining for such submissions at the time the record on appeal was transmitted to the appellate court), and will set a date for the inquest.

---

[1] The appeal appears to be subject to immediate dismissal as premature. The order that the defendants seek to appeal adopted my recommendation to strike their answer, and as a result found the defendants in default. That order was not a final judgment nor is the formal entry of a default a final judgment. *See, e.g.*, *Dow Chemical Pacific, Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Accordingly, it is not subject to appeal pursuant to 28 U.S.C. § 1291. The adoption of my recommendation was also not within the category of interlocutory orders subject to immediate appeal. *See* 28 U.S.C. § 1292(a). That the applicable statutes provide no mechanism for the appeal the defendants now wish to pursue is eminently sensible, as allowing an appeal at this juncture will plainly result in piecemeal litigation.

Moreover, even if an appeal might otherwise be available, the defendants appear to have forfeited their right to such review. I explicitly warned the defendants that the failure to file objections to my R&R by September 10, 2007, would constitute a waiver of the right to appeal Judge Amon's order. DE 67 at 19 (citing Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52 (2d Cir. 1996)). On September 5, 2007, the defendants wrote a letter to Judge Amon saying that they objected to a portion of my R&R and wanted an extension of time to tell her what those objections were by filing "more formal objections." DE 68 (described on the docket as "Letter requesting extension of time to file a formal objection"). The next day, Judge Amon denied the request for an extension. Electronic Order dated September 6, 2007. The defendants filed nothing further before Judge Amon adopted the R&R. *See* DE 69 at 2. Having never filed objections to the R&R, the defendants are not entitled to appeal the order adopting it. In light of the obvious jurisdictional defects in the notice of appeal, it is hard to escape the conclusion that it was filed for no reason other than to delay the inquest.

Notwithstanding the notice of appeal, however, this court retains the authority to rule on collateral matters. *Tancredi*, 378 F.3d at 225 (citing *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998); *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir.1980)). There are two such collateral matters now pending: Pergolizzi's request for a pre-motion conference in anticipation of a motion to withdraw as counsel, and Pergolizzi's obligation to purchase, at his own expense, the minutes of a conference that he failed to attend as required and to submit a certification no later than November 12, 2007, attesting to his compliance with the foregoing directive. DE 71; DE 70. The latter obligation remains in effect, and I expect Pergolizzi's timely compliance notwithstanding the notice of appeal or his desire to withdraw. As to the request to seek leave to withdraw, that is a non-dispositive pretrial matter properly addressed to me rather than Judge Amon; I dispense with the pre-motion conference requirement and set a motion schedule below.

For the reasons set forth above, I adjourn without date the inquest previously scheduled for November 14, 2007 (as well as the interim deadline for filing motions *in limine*). In addition, the pre-motion conference requirement is waived; defendants' counsel of record shall file a motion to withdraw, in full compliance with the requirements of Local Civil Rule 1.4, no later than November 2, 2007. Any party opposing the motion must submit its written opposition by November 7, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
October 29, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge