UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
3801 BEACH CHANNEL, INC., et al.,

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
05-CV-207 (CBA) (JO)

Plaintiffs,

-against-

YAKOV SHVARTZMAN, et al.,

Defendants.
-----------------------------------------------------------x
AMON, United States District Judge:

Before the Court are objections to the Report and Recommendation (R & R) of the

Honorable James Orenstein, U.S. Magistrate Judge, which is dated September 30, 2010. For the

reasons that follow, the Court adopts the conclusions and, except where noted, the reasoning of

the R & R.

## STANDARD OF REVIEW

The Court reviews those portions of the R & R to which a party has objected de novo and

reviews those portions not objected to for clear error. Larocco v. Jackson, No. 10-CV-1651,

2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The Court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1).

## DISCUSSION

### A. Shvartzman's Objections

Yakov Shvartzman is the only defendant who has filed objections, and he objects to

Magistrate Judge Orenstein's refusal to reduce the plaintiffs' compensatory damages award by

$69,794.49, which he says represents the value of gasoline that the plaintiffs received from him

as a result of the sale. He says that the plaintiffs received value from that gasoline because they

1

owned and "presumably" sold, or at least had "the opportunity to sell[,] that gasoline for a profit." (Shvartzman Ob. at 4–5.)

Magistrate Judge Orenstein declined to reduce the plaintiffs' damages in this regard because, although the record showed that Shvartzman paid about $70,000 for gasoline that the gas station apparently sold after closing (so far as the Court can tell, there is no real proof that it was sold), there was no evidence that the plaintiffs, rather than Shvartzman, received the proceeds of those sales. (R & R at 25 n.11.)

That finding is well supported by the record. Yefim Yezerskiy, father of plaintiff Yevgeniy, testified that, after closing, Shvartzman continued to operate the gas station and continued to receive the proceeds of all sales, including gasoline sales. During this time, Yefim and Yevgeniy were at the premises learning the business. (Tr. Sept. 26, 2008 at 156–58.)

Plaintiff Yevgeniy similarly testified that, after closing, Shvartzman continued to collect all sales proceeds. (Id. at 187–88.) Moreover, he testified that defendant Alexander Iorsh, whom Shvartzman described as his "friend," removed gasoline receipts at the end of each business day. (Id. at 188–89, 239.)

Shvartzman disputed this testimony, stating that he did not "collect daily receipts from the sale of inventory and gasoline" after closing. (Id. at 214.) But the plaintiffs effectively cross examined Shvartzman on this point, observing that although he and his attorney were careful to ensure that the sale contract reflected payments due Shvartzman, including reimbursements for post-closing expenditures (i.e. rent that Shvartzman apparently paid on behalf of the plaintiffs), the contract said nothing at all about his entitlement to payments reflecting the value of the gasoline that he purchased after closing. (Id. at 223–28.)

2

The purpose of this cross examination, it seems, was to establish that no contract provision addressing reimbursement was necessary because Shvartzman was paying for the gasoline and directly receiving the proceeds from gasoline sales.

The record does not support Shvartzman's suggestion that Magistrate Judge Orenstein barred him from proving that the plaintiffs benefitted from the gasoline that he purchased. The proceeds from gasoline (and other) sales were the subject of considerable testimony and Magistrate Judge Orenstein was careful to allow both parties, within limits, to present evidence.

Moreover, Shvartzman has not even now offered any proof (or suggested that any exists) that the plaintiffs received any benefit from the gasoline that he purchased.

## B. Plaintiffs' Objections

The plaintiffs objected by letter dated October 5, 2010, asserting that (1) they are entitled to damages for "mental cruelty and harm to . . . our health," and (2) defendant attorney Alexander Herman should be held liable as he was the "main designer" of the fraud alleged in Count Two of the complaint.

The Court rejects the first argument. The only viable theory of liability that the plaintiffs have pleaded is for common law fraud, and New York law is clear that, in an action for fraud, only pecuniary damages are available. Vaughn v. Consumer Home Mortg. Co., 470 F. Supp. 2d 248, 269–70 (E.D.N.Y. 2007); O'Neill v. O'Neill, 264 A.D.2d 766, 767 (2d Dep't 1999) (no recovery for "emotional injury due to [plaintiff's] fear of contracting AIDS" because, among other things, "compensatory damages in a fraud cause of action are limited to damages for pecuniary losses"); Brown v. N.Y. Residential Works, Inc., 5 Misc. 3d 614, 619 (N.Y. Civ. Ct., Kings Cnty. 2004) ("damages for emotional distress are not recoverable in fraud actions").

The Court also rejects the plaintiffs' second argument. Magistrate Judge Orenstein ruled that the complaint fails to plead fraud liability against Herman because it does not "attribute any false affirmative representation to Herman" or allege that Herman had a duty to disclose his knowledge of the fraud and failed to do so. (R & R at 14–15.)

Although the Court believes that, notwithstanding the defects identified in the R & R, a well-pleaded complaint might have stated a claim against Herman for aiding and abetting fraud, Banks v. Consumer Home Mortg., Inc., No. 01-CV-8508, 2003 WL 21251584, at *11 (E.D.N.Y. Mar. 28, 2003); Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559–61 (2009), this complaint is not well pleaded with respect to Herman's knowledge of the fraud.

"The knowledge requirement of an aiding and abetting fraud claim is satisfied by alleging actual knowledge of the underlying fraud." JP Morgan Chase Bank v. Winnick, 406 F. Supp. 2d 247, 252 & n.4 (S.D.N.Y. 2005); see also Kolbeck v. LIT Am., Inc., 939 F. Supp. 240, 246 (S.D.N.Y. 1996) ("New York courts and federal district courts in this district have required actual knowledge."). A plaintiff adequately alleges actual knowledge where he alleges "facts giving rise to a strong inference of actual knowledge regarding the underlying fraud." Winnick, 406 F. Supp. 2d at 253.

The complaint, in relevant part, alleges that Herman "had represented Defendant Shvartzman in various transactions prior to this particular transaction." (Compl. ¶ 41.) In a separate paragraph it alleges without identifying supporting facts that he "knew, or should have known, and was, and should have been, aware of the fact that the Defendant Shvartzman had effected a similar fraud and scheme in connection with the sale of a car wash business." (Id. ¶ 42.)

4

Moreover, the complaint alleges, again without identifying supporting facts, that Herman knew or should have known that "the entire transaction in which he was participating as attorney . . . was, in fact, a scheme and fraudulent enterprise." (Id. ¶ 43.) Herman also knew or should have known that "many representations set forth by Defendant Shvartzman in the contract that was prepared by him were false and untrue," that Shvartzman "had multiple judgments docketed against him," and that the gas station's contract with its gasoline provider was in default. (Id. ¶¶ 45–47.) Again, the complaint identifies no facts in support of these allegations.

Obviously the allegations that Shvartzman "should have known" about the fraud or aspects of the fraud do not allege actual knowledge. But more than that, the complaint does not contain any specific allegations of fact giving rise to the "strong inference" that Herman actually knew that he was offering substantial assistance to a client who was defrauding the buyers in the rather unremarkable business sale described in the complaint. Cf. IMG Fragrance Brands, LLC v. Houbigant, Inc., - - - F. Supp. 2d - - - - , 2010 WL 5222125, at *18 (S.D.N.Y. Dec. 21, 2010) (plaintiffs met "heavy burden" of pleading actual knowledge where they alleged "particular facts that make it plausible" that defendant knew the primary violators, their clients, were defrauding others).

Of course a well-pleaded allegation that Herman helped to design the fraud would give rise to a strong inference that he had knowledge of it, but the closest the complaint comes to alleging that fact is the allegation that Herman was "a participant and part of the Enterprise" and that about two months before closing "the Shvartzman Enterprise embarked upon a scheme to defraud." (Id. ¶¶ 48, 120.) This allegation is not sufficient.

## CONCLUSION

The Court adopts the conclusions of the R & R and to the extent noted herein its reasoning.

Accordingly, the Clerk of Court is directed to enter judgment on Count Two in favor of plaintiff Yevgeniy Yezerskiy alone against defendants Yakov Shvartzman and Beach Channel Services, Inc. in the amount of $186,421.54, which represents a compensatory damages award of $113,972.50 plus prejudgment interest at an annual rate of 9% from March 8, 2004.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
     March   *30* , 2011

s/CBA

Carol Bagley Amon
United States District Judge

Copies mailed to:

Beach Channel Services, Inc.
3801 Beach Channel Drive
Far Rockaway, NY 11691-1403

Alexander Iorsh
425 Neptune Ave
Apt 5E
Brooklyn, NY 11214

Alexander Herman
911 Avenue U
Brooklyn, NY 11223